IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MALACHI BURGESS,<br><br>    Plaintiff,<br><br>vs.<br><br>(1) PROFESSIONAL CREDIT ANALYSTS OF NEW ULM, INC., D/B/A PROFESSIONAL CREDIT ANALYSTS OF MN,<br><br>    Defendant. | Case No 21-cv-00032-JFH-JFJ<br><br>**COMPLAINT**<br>**(Unlawful Debt Collection Practices)**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES Plaintiff, Malachi Burgess, and for a Complaint against Defendant, Professional Credit Analysts of New Ulm Inc., alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Professional Credit Analysts of New Ulm, Inc. for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## STANDING

6. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7. Specifically, Plaintiff suffered a concrete injury to reputation, a reduced credit score, and experienced emotional distress in connection with Defendant's attempt to collect an alleged debt from Plaintiff.

## PARTIES

8. Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff. Defendant holds a license from the State of Minnesota as a registered debt collector, license number 20163869.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in New Ulm, Minnesota.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. On September 2, 2020, Plaintiff placed a call to Defendant regarding two alleged defaulted consumer debts purportedly owed to zZounds but were reported by Defendant on Plaintiff's credit reports.

14. During the September 2, 2020 call, Plaintiff told Defendant's employee that the information regarding the debt was disputed.

15. However, on September 11, 2020, Defendant reported the alleged debt to Plaintiff's credit reports, but failed to communicate that the debts were disputed by the consumer Plaintiff.

16. On October 13, 2020, Defendant reported the alleged debts to Plaintiff's credit reports, but failed to communicate that the debts were disputed by the consumer Plaintiff.

17. Again, on November 11, 2020, Defendant reported the alleged debts to Plaintiff's credit reports, but failed to communicate that the debts were disputed by the consumer Plaintiff.

18. On December 11, 2020, Defendant reported the alleged debst to Plaintiff's credit reports, but failed to communicate that the debts were disputed by the consumer Plaintiff.

19. Yet again, on January 4, 2021, Defendant reported the alleged debts to Plaintiff's credit reports, but failed to communicate that the debts were disputed by the consumer Plaintiff.

20. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

21. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

22. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

23. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

24. On September 11, 2020, October 13, 2020, November 11, 2020, December 11, 2020 and January 4, 2021, Defendant knew or should have known that Plaintiff had disputed the alleged debts because Plaintiff had previously notified Defendant of that dispute in conversation with Defendant.

25. Even though Defendant knew or should have known, prior to September 11, 2020, October 13, 2020, November 11, 2020, December 11, 2020 and January 4, 2021, that Plaintiff disputed owing the amount of the alleged debts, Defendant failed to thereafter communicate the fact of Plaintiff's dispute to the credit reporting agencies to which Defendant communicated other information regarding the alleged debts, in violation of 15 U.S.C. § 1692e(8).

26. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of a lower credit score, and experienced anger and frustration, amongst other negative emotions.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

27. Defendant violated §1692e(8) of the FDCPA by failing to communicate that disputed debts were disputed when Defendant voluntarily communicated information regarding the debt to the credit reporting bureaus.

**WHEREFORE**, Plaintiff, Malachi Burgess, respectfully prays that judgment be entered against Defendant, Professional Credit Service, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
1202 E. 33rd Street
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
7507@paramount-law.net